UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LOUIS LARES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO. 4:22-CV-2057** |
| v. | § | |
| | § | |
| **CITY OF SUGARLAND**, | § | |
| | § | **Jury Trial  Demanded** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**LOUIS LARES**, Plaintiff ("Lares" or "Plaintiff") brings this lawsuit against the City of Sugar Land, Defendant ("Defendant"), and for cause of action against it would show the Court as follows:

### I.        PARTIES

1.    Plaintiff Louis Lares is a resident of the State of Texas. At all relevant times, Plaintiff was employed by Defendant in Fort Bend County, Texas.

2.    Defendant, City of Sugar Land, is a political subdivision of the State of Texas, whose principal office is in Sugar Land, Fort Bend County, Texas.  Defendant may be served with process by serving the City Manager, Mike Goodrum, or the Mayor, Joe R. Zimmerman, at the City of Sugar Land, 2700 Town Center Boulevard North, Sugar Land, Texas 77479.

### II.        JURISDICTION and VENUE

3.    Plaintiff brings this suit under Title VII of the Civil Rights Act of 1964, as amended, and under 29 U.S.C. § 621, et seq. This Court has jurisdiction this case according to 28 U.S.C. §§ 1331 and 1343.

4.      The practices alleged herein were committed within the jurisdiction of this Court. The
amount in controversy is within the jurisdictional limits of this Court.

### III.      ADMINISTRATIVE EXHAUSTION

5.      All conditions precedent to the filing of this action have been met by Plaintiff in that he
timely filed his complaint with the Equal Employment Opportunity Commission ("EEOC")
and has received his right-to-sue letter from the EEOC to pursue his claims of age and
national origin discrimination and retaliation.

6.      Plaintiff filed a Charge of Discrimination with the TWC-CRD and the EEOC on August 26,
2021.

7.      On or about March 28, 2022, Plaintiff received his Notice of Right to File a Civil Action
issued by the EEOC entitling him to file suit based on his claims of discrimination and
retaliation.

8.      The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt
of the notice from the EEOC.

### IV.      FACTUAL BACKGROUND

9.      The City of Sugarland's Director of Aviation, Elizabeth Rosenbaum (38), fired Plaintiff on
July 2, 2021.  Ms. Rosenbaum's decision to fire Plaintiff is unlawful. She fired Plaintiff
because of his age (63), national origin (Hispanic), and because Plaintiff complained to her
about discrimination in the workplace.

10.     The City of Sugarland ("City") hired Plaintiff in May 2017 to be the Business Manager for
the City's Airport.

11.     He was selected by the former Airport Director, Phil Savko, Director of Public Works,
Robert Valenzuela, and Ms. Rosenbaum.

12.  Soon after the hire, Ms. Rosenbaum made it clear that she was not in favor of the decision. She told Maintenance Manager, Ken Durbin, "Phil hired another old guy."

13.  Plaintiff performed his job well.

14.  From 2017 to 2019, he helped the airport generate enough revenue to pay back a $2 million loan to the water department and pay for three capital projects: the westside roadway, the Highway 90 drainage project, and the airport bridge.

15.  Plaintiff doubled the annual ramp fee revenues from $250,000 to $500,000 and completed all the related price sensitivity analysis.

16.  The City never disciplined Plaintiff.

17.  Plaintiff continued to perform well during the pandemic. The Airport met all of its operating and non-operating expenses.

18.  Plaintiff's performance evaluations rated him well. Ms. Rosenbaum told Plaintiff his performance was excellent and even suggested he apply for the Airport Assistant Director position.

19.  Plaintiff maintained a rent collection rate of 99%.

20.  He met with Ms. Rosenbaum, one-on-one, every month and kept her apprised of the Airport's aging accounts receivable report, amongst other data.

21.  Ms. Rosenbaum was well aware that two of the Airport's tenants, Sugarland Avionics and Ven-Petrochemical, were behind on rent. This was not that surprising, given the harsh economic conditions caused by COVID-19.

22.  Many tenants were asking for rent deferral or federal assistance. Sugarland Avionics had requested a rent deferral as recently as June 25, 2021, the Friday before Ms. Rosenbaum would fire Plaintiff.

23.  But Ms. Rosenbaum was only selectively granting deferrals, and she refused – without explanation – to grant one to Sugarland Avionics.

24.  Plaintiff recognized it was in the best interest of the City and the Airport to work with these tenants, because the objective of an Airport is to create a financial win-win situation for both the tenant and the airport.  Ms. Rosenbaum refused to hear Plaintiff out, even though she had already granted deferrals and federal aid to other tenants.

25.  Plaintiff is Hispanic and was 63 years' old when the City fired him. Neither of those facts should matter, but unfortunately they did matter to Ms. Rosenbaum and Denise Beckwith, ASR Manager. Ms. Rosenbaum and Ms. Beckwith did not treat Plaintiff with the professional, humane respect he deserved. Nor did they treat him with the same level of respect and friendliness as they treated other white / non-Hispanic employees at the Airport.

26.  Around February 9, 2020, Ms. Rosenbaum made a comment suggesting that Hispanic people did not make "beautiful babies," compared to her and her husband, who are both non-Hispanic.

27.  In March 2021, Ms. Beckwith told Plaintiff that he "should be mowing grass just like all Mexicans."

28.  Plaintiff complained about this discriminatory behavior to Ms. Rosenbaum face-to-face in April 2021.  He told her about Ms. Beckwith's biased comment.

29.  Plaintiff asked Ms. Rosenbaum to judge him not by the color of his skin but by his actual work performance.  Ms. Rosenbaum ignored Plaintiff, changed the subject, and chose not to investigate his discrimination claim or move it up her chain of command.

30.  Less than three months after Ms. Rosenbaum heard his discrimination complaint, she terminated Plaintiff out of the blue on July 2, 2021.

31.   In the termination letter, Ms. Rosenbaum claimed that she fired Plaintiff because two tenants were delinquent in their rent.  She falsely claimed that Plaintiff failed to provide appropriate management, though she did not provide any specifics.

32.   Ms. Rosenbaum's explanation for the termination is not credible. As noted above, under Plaintiff's management, the Airport enjoyed a 99% collection rate.

33.   Plaintiff kept Ms. Rosenbaum up to date about tenants who were behind on rent, but she arbitrarily refused to grant rent deferrals to Sugarland Avionics.

34.   As for the other tenant that was behind, Ven-Petrochemical, they told Plaintiff that they would come to the Airport in-person during the week of July 5th to pay their past-due rent.

35.   The idea that two out of 141 leases were behind on rent (representing a fraction of the Airport's $16 million budget) makes Plaintiff worthy of termination is not credible or believable.

36.   Ms. Rosenbaum's explanation is even less credible given her own experience handling tenants behind on rent.  Ms. Rosenbaum was Plaintiff's predecessor in the Airport Business Manager role.

37.   When Plaintiff took over from Ms. Rosenbaum in 2017, Plaintiff noticed that one tenant, SITA, had not paid rent since 2008.  In those ten years, SITA was nearly $60,000 in arrears. But Ms. Rosenbaum was not fired.

38.   The City's decision to fire Plaintiff violates state and federal laws that prohibit retaliation and discrimination based on age and national origin.

## V.     COUNT ONE:
## NATIONAL ORIGIN DISCRIMINATION AND RETALIATION
## IN VIOLATION OF TITLE VII

39.   Plaintiff incorporates by reference the preceding paragraphs as set forth herein.

40.   Defendant, by and through its agents and employees, has intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Title VII.

41.   Defendant has violated Title VII by discriminating against Plaintiff based on his national origin, Hispanic, and retaliating against him for complaining of discrimination, in connection with his termination.

## VI.     COUNT TWO:
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

42.   Plaintiff incorporates by reference the preceding paragraphs as set forth herein.

43.   Defendant, by and through its agents and employees, fired the Plaintiff because of his age in violation of the ADEA.

## VII.    DAMAGES

44.   As a direct and proximate result of the aforementioned acts, Plaintiff has suffered economic loss, compensatory loss, and mental anguish.

## VIII.    ATTORNEY'S FEES

45.   Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of SHELLIST | LAZARZ | SLOBIN LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046, in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## IX.    JURY DEMAND

46.   Plaintiff demands a trial by jury.

## X.   **PRAYER**

47. Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final

hearing of this cause Plaintiff obtain the following relief:

    a.  Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

    b.  Pre-judgment interest at the highest legal rate;

    c.  Post-judgment interest at the highest legal rate until paid;

    d.  Back-pay;

    e.  Front-pay;

    f.  Injunctive relief;

    g.  Reinstatement;

    h.  Liquidated damages;

    i.  Damages for mental pain and mental anguish;

    j.  Attorney's fees;

    k.  All costs of court expended herein;

    l.  Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

Respectfully submitted,

**SHELLIST LAZARZ SLOBIN LLP**

*/s/ Paul R. Harris*
**Todd Slobin**
Federal ID No. 22701
State Bar No. 24002953
tslobin@eeoc.net
**Paul R. Harris**
Federal ID No. 897365
State Bar No. 24059905
pharris@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

7